Harry P. JENKINS, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

Docket No. 94–4075.

United States Court of Appeals,
Second Circuit.

Argued June 7, 1994.

Decided July 12, 1994.

---

**12**

Barbara M. Sims, Buffalo, NY, for petitioner.

Diogenes P. Kekatos, Asst. U.S. Atty., New York City (Mary Jo White, U.S. Atty., S.D.N.Y., Steven M. Haber, Asst. U.S. Atty., of counsel), for respondent.

Before: WINTER and WALKER, Circuit Judges, and POLLACK, District Judge.*

WALKER, Circuit Judge:

Petitioner Harry P. Jenkins moves for acknowledgment of an automatic stay of deportation pending a decision on his petition for review of a deportation order of the Immigration and Naturalization Service ("INS") or, in the alternative, for a discretionary stay. At issue on this motion is whether Jenkins's state conviction of a crime that is a felony under state law but a misdemeanor under federal law qualifies as a conviction of an "aggravated felony" under § 106(a)(3) of the Immigration and Nationality Act of 1952 (the "Act"), 8 U.S.C. § 1105a(a)(3), thereby rendering Jenkins ineligible for an automatic stay. We hold that it does and accordingly rule that Jenkins is precluded from obtaining an automatic stay of deportation pending our decision on his review petition. In addition, we deny his alternative motion for a discretionary stay.

## BACKGROUND

Jenkins is a native and citizen of Jamaica who first entered the United States in 1982 and, after a two-week absence, reentered the country in October 1987 without a valid entry document. In January 1989, Jenkins received temporary resident status. On October 2, 1990, Jenkins was convicted, upon a plea of guilty in New York state court, of attempted criminal possession of a controlled substance in the third degree, in violation of §§ 110.00 and 220.16 of the New York Penal Law. A lab report prepared in connection with the prosecution indicates that Jenkins had in his possession a total of 20 grams of powder cocaine.

* The Honorable Milton Pollack, United States District Judge for the Southern District of New York, sitting by designation.

As a result of this conviction, the INS terminated Jenkins's temporary resident status and instituted deportation proceedings against him. The INS charged Jenkins with deportability under three provisions of the Act: (1) § 241(a)(1)(A), 8 U.S.C. § 1251(a)(1)(A), as an immigrant not in possession of a valid entry document; (2) § 241(a)(2)(B)(i), 8 U.S.C. § 1251(a)(2)(B)(i), as an alien convicted of an offense involving a controlled substance; and (3) § 241(a)(2)(A)(iii), 8 U.S.C. § 1251(a)(2)(A)(iii), as an alien convicted of an aggravated felony. In the course of the deportation hearing, the INS withdrew the aggravated felony charge.

On August 3, 1993, an Immigration Judge ordered Jenkins deported and on April 5, 1994, the Board of Immigration Appeals ("BIA") upheld this decision and dismissed Jenkins's appeal. The BIA determined that Jenkins had admitted the facts making him deportable under §§ 241(a)(1)(A) and 241(a)(2)(B)(i). The BIA further found that Jenkins was ineligible for a discretionary waiver of inadmissibility under § 212(c) of the Act, 8 U.S.C. § 1182(c), because he never entered the country as a lawful permanent resident, and that he was ineligible to adjust his status under § 245(a) of the Act, 8 U.S.C. § 1255, or to obtain a waiver of inadmissibility under § 212(h) of the Act, 8 U.S.C. § 1182(h), because of his conviction for a controlled substances offense.

Jenkins filed a petition for review of the BIA's decision and the current motion for a stay of deportation pending our decision on the merits of his petition. Jenkins contends that he is entitled to an automatic stay under § 106(a)(3) of the Act because he was not convicted of an aggravated felony. In the alternative, he requests a discretionary stay pursuant to § 106(a)(3) of the Act and Rule 18 of the Federal Rules of Appellate Procedure. At oral argument, we ordered a temporary stay pending our decision on this motion. In view of our conclusion that Jenkins is entitled to neither an automatic nor a discretionary stay, the temporary stay is now vacated.

DISCUSSION

Section 106(a)(3) of the Act provides in relevant part:

The service of the petition for review upon such official of the Service shall stay the deportation of the alien pending determination of the petition by the court, unless the court otherwise directs or unless the alien is convicted of an aggravated felony, in which case the Service shall not stay the deportation of the alien pending determination of the petition of the court unless the court otherwise directs.

8 U.S.C. § 1105a(a)(3). The INS argues that Jenkins's state conviction constituted an aggravated felony and that he is therefore ineligible for an automatic stay. Jenkins contends that the INS is barred from raising this argument because it withdrew the charge that he was convicted of an aggravated felony in the course of his deportation proceedings. We reject this contention. Section 106(a)(3) does not require an administrative finding that an alien has been convicted of an aggravated felony. *See Soto–Tapia v. INS*, 8 F.3d 1, 3 (5th Cir.1993) (per curiam). The statute speaks only of the fact of a conviction. A court of appeals deciding a motion for a stay of deportation must therefore determine whether the petitioner has been convicted of an aggravated felony regardless of whether he was charged with such in his deportation proceedings. *See, e.g., Bar–Levy v. United States Dep't of Justice, INS*, 990 F.2d 33, 34 (2d Cir.1993) (noting that drug importation conviction was an aggravated felony, rendering alien ineligible for automatic stay, even though alien was not charged with deportability as an aggravated felon).

An "aggravated felony," as defined in § 101(a)(43) of the Act, includes "any illicit trafficking in any controlled substance (as defined in section 802 of Title 21), including any drug trafficking crime as defined in section 924(c)(2) of Title 18" or "any attempt or conspiracy to commit any such act." 8 U.S.C. § 1101(a)(43). Section 924(c)(2) of Title 18 in turn defines "drug trafficking crime" broadly to include "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Sub-

stances Import and Export Act (21 U.S.C. 951 et seq.), or the Maritime Drug Law Enforcement Act (46 U.S.C.App. 1901 et seq.)." In order to meet the definition of an aggravated felony, an offense must therefore (a) qualify as a felony that is (b) punishable by one of the three referenced statutes. Here, it is clear that the conduct Jenkins pleaded guilty to in state court would be punishable under 21 U.S.C. § 846 as an attempt to commit a violation of 21 U.S.C. § 844(a), a section of the Controlled Substances Act that prescribes federal penalties for persons who knowingly or intentionally possess a controlled substance. One of the two prerequisites to finding that Jenkins was convicted of an aggravated felony is therefore satisfied.

Our analysis consequently turns on whether Jenkins's offense qualifies as a "felony." A "felony" is defined in the Controlled Substances Act as "any Federal or State offense classified by applicable Federal or State Law as a felony." 21 U.S.C. § 802(13). This definition also applies to the Controlled Substances Import and Export Act, see 21 U.S.C. § 951(b), and the Maritime Drug Law Enforcement Act, see 46 U.S.C.App. § 1903(i). Under both federal and New York law, a felony is an offense that may be punished by a term of imprisonment that exceeds one year. See 18 U.S.C. § 3559(a); N.Y.Penal Law § 10.00(5). In this case, Jenkins's attempted possession of 20 grams of cocaine is a felony under the New York Penal Law that may be punished by a term of imprisonment of one to fifteen years, see N.Y.Penal Law §§ 110.05(4), 220.16 (punishing attempted criminal possession of controlled substance in the third degree as a class C felony); N.Y.Penal Law § 70.00 (fixing term of imprisonment for class C felony), but a misdemeanor under the Federal Controlled Substances Act that may be punished by not more than one year of imprisonment, see 21 U.S.C. §§ 844(a), 846.

The INS argues that while Jenkins's conviction is punishable under federal law as a misdemeanor, its classification as a felony under New York law qualifies it as a felony for the purposes of the Controlled Substances Act, 21 U.S.C. § 802(13). The INS

relies primarily on *United States v. Forbes*, 16 F.3d 1294 (1st Cir.1994), and *Amaral v. INS*, 977 F.2d 33 (1st Cir.1992) which state, in nearly identical footnotes, that a conviction that is classified as a felony under state law is considered a felony under the Controlled Substances Act. *See Forbes*, 16 F.3d at 1301 n. 10; *Amaral*, 977 F.2d at 36 n. 3. We agree.

The plain language of 21 U.S.C. § 802(13) states unequivocally that an offense meets the definition of a felony if "applicable Federal or State Law" classifies it as a felony. In this case, the "applicable" law—in the sense that it was the law actually applied to Jenkins—is the law of New York, which classifies his offense as a felony. Section 802(13)'s explicit reliance on state classifications represents a Congressional choice to include within the category of "felony" offenses under the Controlled Substances Act, the Controlled Substances Import and Export Act, and the Maritime Drug Law Enforcement Act, those crimes deemed serious enough by states to warrant felony treatment within their jurisdictions. We are bound by the unambiguous language of the statute. Accordingly, we conclude that because New York explicitly categorizes Jenkins's offense as a felony by authorizing a prison term of more than one year, and because the Controlled Substances Act incorporates the New York classification of a felony, Jenkins's offense constitutes a felony for purposes of determining whether he has been convicted of an aggravated felony. With this issue resolved in favor of the INS, it is clear that Jenkins is precluded from obtaining an automatic stay under § 106(a)(3) of the Act.

We turn next to Jenkins's alternative request for a discretionary stay of deportation. Section 106(a)(3) contemplates the granting of discretionary stays but does not provide standards for deciding when they are appropriate. This court will treat an application for a discretionary stay as a request for injunctive relief. *See Ignacio v. INS*, 955 F.2d 295, 299 & n. 5 (5th Cir.1992); *Zardui–Quintana v. Richard*, 768 F.2d 1213, 1215 & n. 7 (11th Cir.1985). "The standard in this circuit for a stay or injunction pending appeal is (1) whether the movant will suffer

irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated 'a substantial possibility, though less than a likelihood, of success' on appeal, and (4) the public interests that may be affected." *LaRouche v. Kezer*, 20 F.3d 68, 72 (2d Cir. 1994) (quoting *Hirschfeld v. Board of Elections*, 984 F.2d 35, 39 (2d Cir.1993)).

■ We recognize that the denial of a stay of deportation may have a harmful effect on Jenkins insofar as it will leave him subject to deportation before his current appeal is decided. However, we believe that this consideration is outweighed by the frivolous nature of Jenkins's petition for review; the public's interest, as expressed through congressional policy, in having aggravated felons deported in an expeditious manner; and the detrimental impact that the issuance of a stay will have on the INS.

In his papers on this motion, Jenkins has conceded deportability under § 241(a)(1)(A) of the Act for entering the country without a valid entry document, and under § 241(a)(2)(B)(i) of the Act for having been convicted of a controlled substances offense. *See* Petitioner's Reply Memorandum of Law at 5. His petition for review is therefore limited to challenging the BIA's determination that he is ineligible for discretionary relief. This challenge is futile because he does not meet the threshold requirements for receiving such relief. Jenkins is ineligible for a waiver of deportation under § 212(c) of the Act because he never entered this country as a lawful permanent resident and attained only temporary resident status under the Special Agricultural Worker program. *See* 8 U.S.C. § 1182(c) (waiver applicant must be "lawfully admitted for permanent residence"). Jenkins is similarly ineligible for a waiver under § 212(h) of the Act because that section only provides relief from deportation for those persons whose controlled substance convictions involve a "single offense of simple possession of 30 grams or less of marijuana." 8 U.S.C. § 1182(h). Finally, Jenkins is statutorily barred from adjusting his status to that of a lawful permanent resident under § 245(a) of the Act because his drug conviction renders him inadmissible to the United States pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(II). *See* 8 U.S.C. § 1255(a) (adjustment applicant must be, *inter alia*, admissible to United States). He is therefore statutorily ineligible for any of the discretionary relief he seeks.

■ In addition to the meritless nature of Jenkins's petition, we note that Congress has mandated a stringent policy toward persons convicted of aggravated felonies. With the passage of the Anti–Drug Abuse Act of 1988, Congress made conviction of an aggravated felony an additional ground for deportation and barred aliens convicted of aggravated felonies from reentering the United States for 10 years. *See* 8 U.S.C. §§ 1251(a)(2)(A)(iii), 1182(a)(6)(B) (subsequently increasing the reentry bar from 10 to 20 years); *see generally Buitrago–Cuesta v. INS*, 7 F.3d 291, 292 (2d Cir.1993) (outlining recent immigration legislation). With the Immigration Act of 1990, Congress precluded an alien who has "been convicted of an aggravated felony and has served a term of imprisonment of at least 5 years" from seeking a discretionary waiver of deportability under 8 U.S.C. § 1182(c) and amended 8 U.S.C. § 1105a(a)(3) to eliminate the automatic stay for aliens convicted of aggravated felonies. Pub.L. No. 101–649, §§ 511(a), 513(a), 104 Stat. 4978, 5052 (1990). As noted by the Fifth Circuit, these "recent revisions to [the Act] reflect a strong public interest in deporting from the United States aliens who have been convicted of serious drug offenses." *Ignacio*, 955 F.2d at 299. Issuing a stay of deportation in the absence of strong reasons for doing so would thus contravene Congress's decision that aggravated felons be promptly discharged from this country.

Finally, we recognize that the issuance of a stay would detrimentally impact the INS by causing it to suspend execution of its deportation order, engage in another round of litigation, and incur the costs of further detention. Given the overall balance of factors, we conclude that Jenkins has failed to demonstrate that he should receive a discretionary stay.

CONCLUSION

For the foregoing reasons, Jenkins's motion for a stay of deportation is denied and the temporary stay issued at oral argument is vacated.