UNITED STATES of America, Appellee,

v.

**Augusto DeJesus RESTREPO–AGUILAR, Defendant, Appellant.**

No. 95–1660.

United States Court of Appeals, First Circuit.

Heard Jan. 9, 1996.

Decided Jan. 30, 1996.

---

Robert D. Watt, Jr., Providence, RI, for appellant.

Margaret E. Curran, Assistant United States Attorney, with whom Sheldon Whitehouse, United States Attorney, and Craig N. Moore, Assistant United States Attorney, were on brief, Providence, RI, for U.S.

Before TORRUELLA, Chief Judge, ROSENN, Senior Circuit Judge,* and LYNCH, Circuit Judge.

LYNCH, Circuit Judge.

Augusto Restrepo–Aguilar pleaded guilty to a charge of unlawful reentry into the United States after deportation. At sentencing, the district court added 16 offense levels under U.S.S.G. § 2L1.2(b)(2) to Restrepo–Aguilar's Guidelines sentence, based on a finding that he had been previously "deported after a conviction for an aggravated felony." The sole issue presented is whether the term "aggravated felony" as used in

* Of the Third Circuit, sitting by designation.

§ 2L1.2(b)(2) of the Guidelines includes as a "felony" a state drug possession offense that would be only a misdemeanor under federal law, but is a felony under the laws of the convicting state. This question under the Guidelines is one of first impression in this Circuit, and we answer it in the affirmative. We hold that the district court was required to increase the defendant's Guidelines sentence by 16 offense levels, and so affirm.

## I

In 1985, Restrepo–Aguilar, a citizen of Colombia, was arrested by Rhode Island authorities on a charge of violating the state's drug laws. After cooperating with the state in obtaining the arrests of others, he pleaded *nolo contendere* to an amended charge of simple cocaine possession, a felony under Rhode Island law, punishable by a maximum of three years in prison. He was sentenced to 2 years of probation.

In December of 1988, a federal deportation warrant issued for Restrepo–Aguilar's arrest. He was finally apprehended on July 7, 1994, in Miami, Florida and was subsequently deported. In January of 1995, he resurfaced illegally in Providence, Rhode Island, where he was arrested by Immigration and Naturalization Service agents. He admitted that he had never applied for permission to reenter the country. He was indicted and pleaded guilty to one count of unlawful reentry into the United States after deportation, in violation of 8 U.S.C. § 1326.

The defendant was sentenced under § 2L1.2 of the Sentencing Guidelines.[1] That guideline sets a base offense level ("BOL") of

8 for a conviction of unlawfully entering or remaining in the United States. The guideline then provides: "If the defendant previously was deported after a conviction for an aggravated felony, increase by 16 levels." U.S.S.G. § 2L1.2(b)(2) (Nov. 1994).[2]

The sentencing court concluded that the defendant's pre-deportation state conviction for possession of cocaine, a felony under Rhode Island law, qualified as an "aggravated felony" within the meaning of § 2L1.2(b)(2), and accordingly increased defendant's offense level from 8 to 24. With a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, and a criminal history category of II, defendant's Guidelines sentencing range was 41–51 months.[3] The court imposed a final sentence of 41 months.

Restrepo–Aguilar contends that because a first-time conviction for simple possession of cocaine is punishable only as a misdemeanor under *federal* law,[4] his 1985 state conviction for cocaine possession cannot be classified as an "aggravated felony" for purposes of the Sentencing Guidelines. The government argues that an offense need not be punishable as a felony under federal law in order to be an "aggravated felony" under § 2L1.2(b)(2) so long as the offense is punishable as a felony under the law of the state of conviction.

## II

The controlling definition of the term "aggravated felony" is set forth in application note 7 to U.S.S.G. § 2L1.2. That commentary provides in relevant part:

---

1. Defendant was sentenced in June 1995, under the November 1994 edition of the Guidelines. All citations are to that edition.

2. Section 2L1.2(b) implements the statutory sentence enhancement provisions of 8 U.S.C. § 1326(b), which increases the maximum authorized term of imprisonment for aliens convicted under that statute who previously have been deported following a conviction for a felony or an aggravated felony. *See United States v. Forbes*, 16 F.3d 1294, 1300 n. 9 (1st Cir.1994). The term "aggravated felony" as used in § 1326(b)(2) is defined at 8 U.S.C. § 1101(a)(43). That definition is substantially the same (in relevant part) as the one that appears in application note 7 to U.S.S.G. § 2L1.2.

3. In contrast, the defendant's total offense level, adjusted for a two-level credit for acceptance of responsibility under U.S.S.G. § 3E1.1(a), would have been 6, corresponding to a Guidelines sentencing range of 1–7 months (assuming a criminal history category of II), had no enhancement been applied.

4. Because a conviction under the Controlled Substances Act for a first offense of simple possession of cocaine is punishable by no more than one year in prison, *see* 21 U.S.C. § 844(a), such a conviction would be for a Class A misdemeanor under the general federal classification scheme, *see* 18 U.S.C. § 3559(a).

> "Aggravated felony," as used in subsection (b)(2), means ... any illicit trafficking in any controlled substance (as defined in 21 U.S.C. § 802), including any drug trafficking crime as defined in 18 U.S.C. § 924(c)(2); ... or any attempt or conspiracy to commit any such act. The term "aggravated felony" applies to offenses described in the previous sentence whether in violation of federal or state law....

U.S.S.G. § 2L1.2, comment. (n. 7) (Nov. 1994). Section 924(c)(2) provides, in turn:

> [T]he term "drug trafficking crime" means any *felony punishable under the Controlled Substances Act* (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or the Maritime Drug Law Enforcement Act (46 U.S.C.App. 1901 et seq.).

18 U.S.C. § 924(c)(2) (emphasis added).

■ Restrepo–Aguilar contends that his 1985 cocaine possession offense is excluded from the definition of "drug trafficking crime" and is not an "aggravated felony" under § 2L1.2(b)(2) because it would be classified as a misdemeanor under federal law.[5] The question posed, then, is whether first-time cocaine possession, "whether in violation of federal or state law," U.S.S.G. § 2L1.2, comment. (n. 7), is an "aggravated felony" if it is a felony under applicable state law but is punishable only as a misdemeanor under the federal Controlled Substances Act ("CSA").

Restrepo–Aguilar bases his argument on a particular reading of the Guidelines and on the recent decision by the Board of Immigration Appeals in *In Re L–G–,* Interim Decision 3254, 1995 WL 582051 (BIA Sept. 27, 1995), interpreting the term "aggravated felony" under the immigration laws. He appropriately concedes that the BIA's decision is flatly inconsistent with the Second Circuit's opinion in *Jenkins v. INS,* 32 F.3d 11 (2d Cir.1994), and that there is language in various opinions by this Circuit disfavoring his position. We believe that the text of the relevant provisions forecloses his argument

and that the Second Circuit's reading is preferable to that of the BIA.

The defendant's interpretation is not consistent with the definition of "aggravated felony" set forth in the commentary to § 2L1.2. His argument is contrary to the application note's instruction that the definition is to be applied to offenses "whether in violation of federal or state law." It also contradicts the definition of "felony" explicitly provided in the CSA, which is referred to in the application note.

■ Defendant reads 18 U.S.C. § 924(c)(2) as if it defined "drug trafficking crime" as any offense punishable *as a felony under* the CSA. But that is not how § 924(c)(2) is written. The statutory definition plainly does not require that an offense, in order to be a drug trafficking crime, be subject to a particular magnitude of punishment if prosecuted under the CSA, as defendant's preferred reading would suggest. Rather, the definition requires only that the offense be a "felony punishable" thereunder. Indeed, this court has expressly interpreted § 924(c)(2)'s definition of "drug trafficking crime" as encompassing two *separate* elements: (1) that the offense be punishable under the Controlled Substances Act (or one of the other two statutes identified); and (2) that the offense be a felony. *United States v. Forbes,* 16 F.3d 1294, 1301 (1st Cir.1994); *see also United States v. Rodriguez,* 26 F.3d 4, 6 (1st Cir.1994); *Jenkins,* 32 F.3d at 14 (following *Forbes* and *Amaral v. INS,* 977 F.2d 33, 36 n. 3 (1st Cir.1992)). We adhere to this established interpretation and reject the defendant's contrary construction.

Section 924(c)(2)'s definition of "drug trafficking crime" by its terms includes "*any felony*" that is criminalized under the CSA. The definition does not limit its application to offenses that would be classified as felonies if prosecuted under federal law. Furthermore, the CSA itself defines a felony as "any Federal or State offense classified by applicable Federal or State law as a felony." 21 U.S.C. § 802(13). Under the CSA's unambiguous

---

5. He also argues more broadly that the offense of simple possession of cocaine is not an aggravated felony because it does not fall within the common definition of drug "trafficking." We reject this contention without further discussion, as it is clearly foreclosed by the decision of this court in *United States v. Rodriguez,* 26 F.3d 4, 6 (1st Cir.1994).

definition, a state offense (of the type within the scope of the CSA) which is classified as a felony under the law of the convicting state would clearly qualify as a felony for that definition's purposes, even if the offense could be punished only as a misdemeanor under federal law. *See Forbes,* 16 F.3d at 1301 n. 10; *Amaral,* 977 F.2d at 36 n. 3. As Judge Walker has cogently observed,

> Section 802(13)'s explicit reliance on state classifications represents a Congressional choice to include within the category of 'felony' offenses under the Controlled Substances Act ... those crimes deemed serious enough by states to warrant felony treatment within their jurisdictions.

*Jenkins,* 32 F.3d at 14.

There is no reason to suppose that either Congress or the Sentencing Commission, in defining "aggravated felony" by reference to 18 U.S.C. § 924(c)(2), which in turn specifically relies on the CSA, was unaware of or chose to dismiss the definition of "felony" provided there. Indeed, quite the opposite is likely to be true. The CSA's primary *purpose* in carving out a class of offenses as felonies is precisely the same as Congress' purpose in doing so in 8 U.S.C. § 1326(b) and the Sentencing Commission's purpose in implementing that statute in § 2L1.2(b): to establish a basis for the imposition of sentence enhancements. *See, e.g.,* 21 U.S.C. § 841(b) (providing increased maximum sentence for defendants with a prior felony conviction). The Commission intended the "aggravated felony" sentence enhancement to operate harmoniously with the specific definition given to the term "felony" in the CSA, the very statute by reference to which "aggravated felony" is ultimately defined. *Cf. Greenwood Trust Co. v. Commonwealth of Mass.,* 971 F.2d 818, 827 (1st Cir.1992) (when a statute borrows language from another statute, the two statutes should be read consistently), *cert. denied,* 506 U.S. 1052, 113 S.Ct. 974, 122 L.Ed.2d 129 (1993).

We hold that a state drug offense is properly deemed a "felony" within the meaning of 18 U.S.C. § 924(c)(2) as incorporated by application note 7 to U.S.S.G. § 2L1.2, if the offense is classified as a felony under the law of the relevant state, even if the same offense would be punishable only as a misdemeanor under federal law. *See* 21 U.S.C. § 802(13). In Rhode Island, a first offense of simple possession of cocaine carries a maximum term of imprisonment of three years, *see* R.I.Gen.Laws § 21–28–4.01(C)(1)(a), and is therefore a felony under the laws of that jurisdiction. *See* R.I.Gen.Laws § 11–1–2 (defining "felony" as an offense punishable by a term of imprisonment exceeding one year); *cf.* 18 U.S.C. § 3559(a) (categorizing as felonies all offenses not otherwise classified by the statutes defining the offenses that are punishable by prison terms exceeding one year). Restrepo–Aguilar's 1985 cocaine possession offense was thus a felony under Rhode Island law and qualifies as "any felony" within the meaning of 18 U.S.C. § 924(c)(2). Since that offense is also punishable under the CSA, *see* 21 U.S.C. § 844(a), it qualifies as a "drug trafficking crime" under § 924(c)(2) and hence as an "aggravated felony" for purposes of U.S.S.G. § 2L1.2(b)(2).

■ Beyond purely textual considerations, this result is most consistent with the approach favored by the Sentencing Guidelines. In measuring the seriousness of a defendant's criminal record, the Guidelines operate on the foundational premise that a defendant's history of criminal activity in violation of *state* law is to be treated on a par with his history of crimes committed in violation of federal law. To this end, the commentary to the Guidelines' central criminal history provision states: "[p]rior convictions [that are relevant to a defendant's criminal history category] may represent convictions in the federal system, fifty state systems, the District of Columbia, territories, and foreign, tribal, and military courts." U.S.S.G. § 4A1.1, comment. (backg'd). This principle that criminal history cannot be viewed through a purely federal lens is also reflected in the commentary to the "aggravated felony" enhancement at issue here— which at bottom is nothing more than a criminal history adjustment, albeit a severe one, for prior offenses of a particular kind. U.S.S.G. § 2L1.2, comment. (n. 7) (directing that the enhancement be applied to prior

offenses of the relevant sort "whether in violation of federal or state law").

The Sentencing Commission fully recognized that the seriousness of any particular state offense in a defendant's record might be viewed differently across jurisdictional lines. To the objection that the result reached today could mean variations in federal criminal sentences for illegal aliens based on whether the 50 states classify offenses as felonies or not, the response is that any such lack of uniformity is the consequence of a deliberate policy choice by Congress and the Commission that we cannot disregard. *See, e.g.,* U.S.S.G. § 4A1.2(*o*) (defining "felony offense" by reference to penalty authorized by federal *or* state law, such that determination whether offense is felony could vary from state to state); § 4B1.2, comment. (n. 3) (same); *cf. Jenkins,* 32 F.3d at 14.

■ Our result is also consistent with other provisions in the Sentencing Guidelines that use the term "felony." The offense of cocaine possession is punishable in Rhode Island by a term of imprisonment of up to three years. *See* R.I.Gen.Laws § 21–28–4.01(C)(1)(a). Even apart from the unambiguous definition of "felony" provided in the CSA, *see* 21 U.S.C. § 802(13), categorizing defendant's 1985 possession offense as a felony is fully consistent with the definition of that term that pervades the criminal history and prior offense enhancement provisions scattered throughout the Guidelines: any federal *or* state offense punishable under applicable law by a term of imprisonment of more than one year. *See* U.S.S.G. § 4A1.2(*o*); *see also* U.S.S.G. §§ 2D1.1, comment. (n. 16(a)), 2K1.3, comment. (n. 4),

2K2.1, comment. (n. 5), 4A1.1, comment. (backg'd), and 4B1.2, comment. (n. 3); *cf.* 18 U.S.C. § 3559(a). Nothing in § 2L1.2(b)(2), the accompanying commentary, or the related statutes requires us to adhere to a different understanding of "felony" here.

The recent decision of the Board of Immigration Appeals in *In Re L–G–,* Interim Decision 3254, 1995 WL 582051 (BIA Sept. 27, 1995), does not persuade us otherwise. The decision in *L–G–* did not involve any consideration of the aggravated felony sentence enhancement at issue here.[6] At stake in *L–G–* was, instead, the petitioner's right to apply for asylum and request withholding of deportation under 8 U.S.C. §§ 1158 & 1253(h). To be sure, the decision turned on the definition of "aggravated felony" as set forth in 8 U.S.C. § 1101(a)(43), which, in relevant part, is the same as the definition provided in application note 7 to U.S.S.G. § 2L1.2, but the relevant context was different. The BIA's decision rested to a significant degree on policy concerns relating to the consequences flowing from a deportation decision or a decision on an application for asylum,[7] without regard to any of the policies that inform the meaning of "aggravated felony" in the context of the statutory prior offense enhancement or its implementation in the Sentencing Guidelines.[8] That the BIA was persuaded by some of the policies undergirding deportation and asylum determinations to interpret "aggravated felony" as excluding state-classified felonies punishable only as misdemeanors under federal law does not convince us that Congress, in creating the aggravated felony sentence enhancement, or the Sentencing Commission, in implementing it, intended the same result.[9] We decline

---

6. This court's decision in *Amaral v. INS,* 977 F.2d 33 (1st Cir.1992) and the Second Circuit's decision in *Jenkins*—both of which, in any event, support our holding here—could be distinguished on this same ground.

7. *See, e.g., L–G–,* slip op. at 20 (stating concern that alien found to have been convicted of aggravated felony might be "barred by [the immigration statutes] from receiving withholding of deportation, even if he faced imminent harm or death due to persecution in his native country").

8. One of the reasons given by the BIA for disregarding the definition of "felony" provided in the

CSA is that "the term 'felony' is primarily used in 21 U.S.C. § 802(13) to trigger statutory sentence enhancement for repeat offenders," *L–G–,* slip op. at 16, rather than "to describe offenses that are punishable under its provisions." This distinction weighs in favor of, not against, the use of the CSA's definition in applying the sentence enhancement provision of U.S.S.G. § 2L1.2(b)(2).

9. Moreover, the BIA's analysis suffers from one of the same difficulties that lead us to reject the defendant's argument here. The BIA reads 18 U.S.C. § 924(c)(2) as if that statute required an offense to be punishable *as a felony under* the

to adopt the BIA's reasoning here.[10]

### III

Because the cocaine possession offense for which defendant Restrepo–Aguilar was convicted in 1985 under the laws of Rhode Island counts as "any felony" in the requisite sense and is criminalized by the Controlled Substances Act, that offense is a "felony punishable under the Controlled Substances Act" and thus falls within the definition of "drug trafficking crime" set forth in 18 U.S.C. § 924(c)(2), as adopted in U.S.S.G. § 2L1.2, comment. (n. 7). Accordingly, that offense qualifies as an "aggravated felony" for purposes of § 2L1.2(b)(2), and the district court correctly enhanced defendant's base offense level by 16 levels pursuant to that guideline.[11]

*Affirmed.*

Controlled Substances Act in order to be a "drug trafficking crime." Indeed, the BIA at several places in its decision paraphrases § 924(c)(2)'s definition in just that way. *L–G–*, slip op. at 7, 9, 11, 13, 22–23. This alteration of the statute's actual syntax is more than merely cosmetic, and indeed is substantively inconsistent with the construction of § 924(c)(2) given in *Rodriguez*, 26 F.3d at 6; *Forbes*, 16 F.3d at 1301; and *Amaral*, 977 F.2d at 35.

10. Because we are not bound by the BIA's *L–G–* decision in any sense, we need not decide wheth-

er the term "aggravated felony" could, in principle, bear a different interpretation for purposes of sentence enhancement under 8 U.S.C. § 1326(b) and the Guidelines, than for purposes of the statutory provisions concerning asylum and withholding of deportation, 8 U.S.C. §§ 1158 & 1253(h).

11. Of course, if we are wrong, the Commission can correct us by amending § 2L1.2(b)(2) or the accompanying commentary.