Fernando **AGUIRRE**, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE,**
Respondent.

**No. 432, Docket 93–4195.**

United States Court of Appeals,
Second Circuit.

Argued Dec. 13, 1994.

Decided March 22, 1996.

Donna L. La Magna, New York City (Arthur S. Linker, Rosenman & Colin, New York City, on the brief), for petitioner.

Diogenes P. Kekatos, Asst. U.S. Atty. (Mary Jo White, U.S. Atty., James A. O'Brien, III, Special Asst. U.S. Atty., Steven M. Haber, Asst. U.S. Atty., New York City, on the brief), for respondent.

Before: NEWMAN, Chief Judge, OAKES and CARDAMONE, Circuit Judges.

JON O. NEWMAN, Chief Judge:

This petition for review of a decision of the Board of Immigration Appeals ("BIA") obliges us to revisit the issue of whether an offense that is a felony under state but not federal law qualifies as an "aggravated felony" for purposes of precluding an alien from consideration for waiver of deportation or asylum. Fernando Aguirre petitions for review of the July 15, 1993, decision of the BIA, ordering his deportation and ruling him ineligible for discretionary relief. Because the BIA has, since the *Aguirre* decision, altered, or at least clarified, its view as to the proper interpretation of "aggravated felony" in circumstances applicable to this case, we now reconsider our prior decision in *Jenkins v. INS*, 32 F.3d 11 (2d Cir.1994), and, with the agreement of the panel that decided *Jenkins*, reject that precedent. We therefore grant the petition for review and remand for the exercise of administrative discretion.

## Background

Aguirre is an alien who became a lawful permanent resident in early 1987, a status made retroactive to May 1980. Later in 1987 he was convicted in the New York Supreme Court of criminal possession of a controlled substance in the second degree, in violation of N.Y.Pen.L. § 220.18 (McKinney 1989). He was charged with possessing at least two ounces of cocaine. He was sentenced to eight years to life and became eligible for release last year.

In 1991, the Immigration and Naturalization Service ("INS") began proceedings to deport Aguirre under section 241(a)(11) of the Immigration and Nationality Act ("the Act"), as amended, 8 U.S.C. § 1251(a)(2)(B)(i) (1994). Petitioner conceded deportability, but sought waiver of deportation under section 212(c) of the Act, 8 U.S.C. § 1182(c) (1994), and asylum under section 208 of the Act, 8 U.S.C. § 1158 (1994). The Immigration Judge and subsequently the BIA ruled Aguirre ineligible for relief from deportation because they considered his state court drug offense an aggravated felony, barring him from consideration for suspension of deportation, 8 U.S.C. § 1182(c), and asylum, 8 U.S.C. § 1158(d).

Thereafter, on November 3, 1994, a panel of the BIA ruled that an offense did not preclude an otherwise qualified alien from consideration for waiver of deportation or asylum if the offense was not a felony under

federal law, even though a felony under state law. *See In re L–G–,* Interim Decision 3234 (BIA 1994). That decision was reconsidered upon motion of the INS, and on September 27, 1995, the BIA, in banc, reaffirmed its decision. *See In re L–G–,* Interim Decision 3254 (BIA 1995) (in banc).

Relying on the BIA's current interpretation of "aggravated felony," petitioner asks us to abandon our prior decision in *Jenkins* and grant his petition for review.

### Discussion

In *Jenkins* we reasoned as follows: (1) "aggravated felony" as defined in section 101(a)(43) of the Act includes any "drug trafficking crime" as defined in 18 U.S.C. § 924(c); (2) section 924(c) defines "drug trafficking crime" as any "felony punishable" under three statutes, including the Controlled Substances Act, which defines "felony" as "any Federal or State offense classified by applicable Federal or State law as a felony," 21 U.S.C. § 802(13); (3) therefore an offense that is a felony under either Federal or state law qualifies as an aggravated felony for purposes of discretionary relief under the Act. In taking a contrary position, the BIA reasoned that section 924(c) of Title 18 refers to the Controlled Substances Act only for the purpose of determining whether an offense is "punishable" as a felony, and that the term "felony" in the Controlled Substances Act is used primarily to determine federal sentencing enhancements. The BIA also relied on the undesirability of subjecting aliens to varying consequences in the administration of the immigration laws, depending on differences among state laws as to whether an offense, not a felony under federal law, was nevertheless a felony under some state laws. Ultimately the BIA concluded that it would not follow *Jenkins* in any cases arising outside the Second Circuit.

The BIA's current interpretation of the Act creates for us a tension between our traditional respect for Circuit precedent, unless altered by in banc reconsideration, and our frequently expressed concern to avoid disparate treatment of similarly situated aliens under the immigration laws. *See, e.g., Bedoya–Valencia v. INS,* 6 F.3d 891, 895 (2d Cir.1993); *Francis v. INS,* 532 F.2d 268, 273 (2d Cir.1976); *cf. United States v. Martinez,* 987 F.2d 920, 926 (2d Cir.1993) (construing sentencing statute to avoid inconsistency with Sentencing Guidelines provision). Since the BIA will now extend discretionary consideration to an alien like Aguirre, adherence to *Jenkins* will mean that only aliens within this Circuit will be denied such consideration. The disparate treatment is exacerbated by the Government's decision not to seek review of *In re L–G–,* thereby forgoing the opportunity to seek to precipitate a circuit split and perhaps Supreme Court review. *See* Letter of James A. O'Brien III, Sp. Asst. U.S. Atty., S.D.N.Y., to Clerk of Court (Jan. 18, 1996).

We recognize that an agency's interpretation of the statutes it administers, though entitled in some circumstances to deference as we decide upon the proper interpretation of such statutes, *see Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), cannot compel a court to forgo the principle of *stare decisis* and abandon a construction previously made. *See Neal v. United States,* —— U.S. ——, ——, 116 S.Ct. 763, 766, 133 L.Ed.2d 709 (1996). But we are not prevented from making an independent decision whether a particular case now requires a revised reading of a statute. As Judge Leval recently noted, "The issue here is not whether courts *must* take direction from an agency ruling, but whether they may voluntarily accept such guidance for the purpose of achieving a satisfactory statutory interpretation." *United States v. Kinder,* 64 F.3d 757, 771 (2d Cir. 1995) (Leval, J., dissenting), *cert. denied,* —— U.S. ——, 116 S.Ct. 931, 133 L.Ed.2d 858 (1996).

We have concluded that the interests of nationwide uniformity outweigh our adherence to Circuit precedent in this instance. The statutory point is fairly debatable, and the Government has elected not to challenge the BIA's reading of the statute.[1] Accord-

---

**1.** Though forgoing the opportunity to seek review of *In re L–G–,* the Government urges us to deny

Aguirre the benefit of that ruling, calling our attention to a recent decision of the First Circuit

ingly, we have sought and obtained the concurrence of the *Jenkins* panel to abandon that precedent and therefore grant the petition for review and remand for consideration of petitioner's requests for discretionary relief.[2]

concerning federal sentencing. That Court ruled that an offense that is a felony under state, but not federal, law qualifies as an "aggravated felony" for purposes of sentence enhancement under section 2L1.2(b)(2) of the Sentencing Guidelines. *See United States v. Restrepo–Aguilar,* 74 F.3d 361

(1st Cir.1996). That decision does not affect our interpretation of the Act.

**2.** This opinion has been circulated to the active judges of this Court.