**UNITED STATES of America**

v.

**Michael Anthony GRAHAM, Defendant.**

No. 96–M–1096.

United States District Court,
W.D. New York.

June 18, 1996.

Patrick H. NeMoyer, United States Attorney, Joseph J. Karaszewski, Assistant United States Attorney, of Counsel, Buffalo, New York, for U.S.

William Clauss, Federal Public Defender, Kimberly A. Schechter, Assistant Federal Public Defender, of Counsel, Buffalo, New York, for defendant.

### DECISION AND ORDER

FOSCHIO, United States Magistrate Judge.

### BACKGROUND and FACTS

Defendant was arrested and a complaint filed on May 13, 1996 alleging a violation of 8 U.S.C. § 1326, unlawful reentry after deportation for an aggravated felony. Specifically, Defendant is charged with having been deported on June 20, 1995 following his convictions for criminal possession of a loaded firearm in violation of state law as a felony and on August 5, 1994 for criminal sale of marijuana also in violation of state law, a misdemeanor. Following Defendant's initial appearance on May 13, 1996, Defendant was detained upon the Government's motion based upon his status as an illegal alien subject to exclusion. Thereafter, by motion filed May 21, 1996, Defendant moved to reopen the detention hearing and to reconsider the court's detention order upon Defendant's contention that Defendant was not an aggravated felon within the meaning of 8 U.S.C. § 1226(e) which prohibits the release from custody of an alien convicted of an aggravated felony. Defendant's contention, as revealed in his reply affirmation filed May 24, 1996, is that, as Defendant's prior New York state court conviction is, under the law of New York, a misdemeanor, it is outside the scope of the definition of an aggravated felony as provided in 8 U.S.C. § 1101(a)(43). Defendant asserts therefore that the position of the United States Immigration and Naturalization Service ("INS") is that Defendant

would, if released by this court, not be properly treated by the INS as an aggravated felon ineligible for release while awaiting trial and would accordingly not necessarily be excluded. Defendant, based upon this argument, concludes that secured bail, if posted, would reasonably assure the Defendant's further appearance, and that the detention order should be vacated and Defendant admitted to bail.

By affidavit filed May 23, 1996, the Government opposed Defendant's motion. Specifically, the Government contends that Defendant's prior state conviction under New York Law for criminal sale of marijuana although a misdemeanor under New York law nevertheless qualifies as an aggravated felony under 8 U.S.C. § 1101(a)(43)(C) as, under federal law, Defendant's state conviction constitutes a drug trafficking crime as defined in 18 U.S.C. § 924(c)(2) which includes within its definition of drug trafficking any felony federal or state punishable under the Controlled Substances Act. As the Controlled Substances Act punishes the sale of marijuana as a felony, 21 U.S.C. § 841(b)(1)(D), the Government reasons that, despite the fact that Defendant's prior marijuana sale conviction was treated as only a misdemeanor under the law of the state in which the conviction was rendered, it may, notwithstanding, be properly considered, and should be considered, as an aggravated felony for the purpose of determining Defendant's status as a alien subject to exclusion under 8 U.S.C. § 1226(e). Based on this syllogism, the Government concludes that there exists strong grounds upon which the INS may rely in taking Defendant into custody should he be released by this court and holding him for exclusion thereby validating this court's detention decision.

## DISCUSSION

Other than pointing out what to Defendant appears as an apparent illogicality of treating conduct rendering a crime classified as a misdemeanor under the law of the state of conviction as a felony for purposes of deportation, exclusion or criminal prosecution under federal law, Defendant offers two cases in support of his position. In the first, *Aguirre v. Immigration and Naturalization Service,* 79 F.3d 315 (2d Cir.1996), the court was requested by petitioner to abandon its earlier decision in *Jenkins v. INS,* 32 F.3d 11 (2d Cir.1994) in order to permit the petitioner to obtain administrative discretion to waive the deportation of the petitioner as an alien who had been convicted of a crime which under the law of the state is considered a felony, but under federal law a misdemeanor. The Board of Immigration Appeals had held, after the *Jenkins* decision, that, despite the holding in *Jenkins* in its view, the definition of a felony under 18 U.S.C. § 924(c), referring to the definition of a felony provided in the Controlled Substances Act, was intended to apply primarily to sentencing enhancements and that the Board therefore declined to extend its reach to the question of what constituted an aggravated felony under 8 U.S.C. § 1101(a)(43)(C) as allowing such determination to depend on whether the prior conviction was, under state law a felony or a misdemeanor would mean that administrative decisions under the Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq.*, would vary according to which state's law was applied, a result which the Board of Immigration Appeals saw as undesirable. *Aguirre, supra,* at 317.

In *Jenkins* the court held that the petitioner, who was seeking a stay of deportation proceedings, which had been instituted against him based upon his prior conviction for attempted possession of cocaine, a felony under the law of New York the state of conviction, was ineligible for a stay of deportation based upon the determination that, by application of the definitions of an aggravated felony under the applicable federal law, the petitioner should be treated as an aggravated felon and thus ineligible for the requested stay. *Jenkins, supra,* at 13. Significantly, under the Controlled Substances Act, 21 U.S.C. § 844(a), any possessory offense, unless done with an intent to distribute, involving a controlled substance, including cocaine and marijuana, constitutes only a misdemeanor. *Jenkins,* at 14. *See also* 21 U.S.C. § 841(a)(1). Nevertheless, based upon the definition of an aggravated felony in 8 U.S.C. § 1101(a)(43)(c) the court found that under 21 U.S.C. § 802(13) a felony under the Controlled Substances Act is any felony, federal or state, and as the petitioner's crime

was treated as a felony under state law, it was a drug trafficking crime as defined under the Immigration and Nationality Act thus rendering Jenkins as an ineligible aggravated felon. *Aguirre* at 317; *Jenkins* at 14. Therefore, while the *Jenkins* decision allowed the question of whether to treat a prior conviction as a drug trafficking crime for purposes of determining an alien's immigration status and eligibility for administrative discretion in connection with deportation or exclusion proceedings, by its withdrawal of the *Jenkins* decision and its deferral to the view of the Immigration Board of Appeals on this issue, the Second Circuit's holding in *Aguirre* effectively restricts this court to federal law in determining whether Defendant's state crime for sale of marijuana is a drug trafficking crime as defined in the Controlled Substances Act. It is clear that sale of marijuana, or any other controlled substance, is punishable as a felony under federal law. *See* 21 U.S.C. § 841(a)(1); (b)(1)(D). Therefore, the Defendant's prior conviction on state charges of sale of marijuana is a federal drug trafficking crime as defined in 8 U.S.C. § 1101(a)(43)(C), rendering Defendant an aggravated felon for the purposes of determining his excludability under the Immigration and Nationality Act.

Defendant asserts that *United States v. Restrepo–Aguilar*, 74 F.3d 361 (1st Cir.1996) supports his position that a state drug offense can, for purposes of Section 1101(a)(43)(C), be considered as a felony only if the underlying state offense would also be considered as a felony under federal law. Defendant's Reply Affirmation filed May 24, 1996 at 3, fn. 1. In *Restrepo–Aguilar*, the court held that defendant's state court conviction for possession of cocaine classified under the law of the state of conviction as a felony was a felony punishable under the Controlled Substances Act thereby justifying a sixteen level increase under Sentencing Guideline Section 2L1.2(b)(2) (where a defendant has been convicted of illegal entry after prior deportation). In reaching this conclusion, the court noted that the relevant commentary to the Sentencing Guideline defined an aggravated felony in substantially the same terms as Section 1101. The court rejected the defendant's argument that in order for a prior state drug conviction to qualify as an aggravated felony for Sentencing Guideline purposes, it must have been a drug trafficking crime punishable as a felony under the Controlled Substances Act. *Restrepo–Aguilar, supra,* at 364. Rather, the court held that the proper interpretation of 18 U.S.C. § 924(c)(2) is that such offense need only be a felony under either the law of the state of conviction or federal law. *Id.* The court specifically noted that Section 924(c) refers to any felony criminalized under the Controlled Substances Act and that the Controlled Substances Act defines as a felony "any federal or state offense classified by applicable Federal or State law as a felony." *Id.* The decision is therefore consistent with this court's finding that conduct resulting in a state drug trafficking conviction if punishable under federal law as a felony constitutes an aggravated felony for the purposes of Section 1101.

This conclusion is also consistent with the broad definition of an aggravated felony as enacted by Congress in Section 1101(a)(43)(C) which covers "illicit trafficking in a controlled substance (as defined in Section 102 of the Controlled Substances Act), *including* a drug trafficking crime (as defined in Section 924(c) of Title 18, United States Code) (emphasis added)." As written, the statute does not necessarily require that the relevant conduct have actually resulted in a criminal conviction to constitute an aggravated felony. Moreover, the last sentence of the paragraph directs that the term aggravated felony applies to "an offense described in this paragraph whether in violation of Federal or State law." Thus, whether analyzed under the express terms of the statute itself or the available case law, there is no barrier to an interpretation of the statute by the INS as to Defendant's status to prompt this court to modify its order of detention.

### CONCLUSION

Defendant's motion for reconsideration is GRANTED and upon reconsideration the order is confirmed.

SO ORDERED.