104 F.3d 355
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Ira Harvey CHERRY, also known as David Leyland Shaw, also
known as Leyland David Sherry, Appellant,
v.
R. REISH, Metropolitan Correctional Center, Appellee.
 No. 96-2746.
 United States Court of Appeals, Second Circuit.
 Dec. 12, 1996.
 
 1
 Appearing for Appellant: Ira Harvey Cherry, pro se, New York, New York.
 
 
 2
 Appearing for Appellee: Patrick J. Smith, Assistant United States Attorney for the Southern District of New York, New York, New York.
 
 
 3
 Present: WINTER, WALKER, Jr., Circuit Judges, WEXLER, District Judge.*
 
 
 4
 This cause came to be heard on the transcript of record from the United States District Court for the Southern District of New York and was submitted.
 
 
 5
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 6
 Ira Harvey Cherry, pro se, incarcerated, and in forma pauperis, appeals Judge Patterson's judgment denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his extradition to Switzerland. Cherry also seeks a stay of his transfer from the Metropolitan Correctional Center to any other facility and seeks a default motion for the appellee's failure to file briefs in this appeal by November 1, 1996. Cherry was arrested, at the request of Switzerland, for "swindling by profession," a crime under the Swiss Penal Code of profiting by fraudulently inducing a person to commit actions harmful to their pecuniary interests. Swiss Penal Code, Article 146.
 
 
 7
 Cherry argues that the charges against him are time-barred, thereby disqualifying him from extradition, pursuant to Article III of the Extradition Treaty between the United States and Switzerland, 11 Bevans 904 (1900), as amended by the 1935 Supplement to the Extradition Treaty of 1900, 11 Bevans 924 and the Supplementary Treaty of January 31, 1940. We reject this claim for substantially the reasons stated by the district court. Cherry v. Reish, No. 96 Civ. 1679, 1996 WL 509735 (S.D.N.Y. Sept. 9, 1996).
 
 
 8
 We also find Cherry's motion for a stay pending further review to be without merit. Because we affirm Judge Patterson's order granting extradition, we see no reason to stay Cherry's transfer from the Metropolitan Correctional Facility. See Jenkins v. INS, 32 F.3d 11, 14-15 (2d Cir.1994) (factors to consider in determining whether to grant a discretionary stay of deportation: (i) whether the movant will suffer irreparable injury absent a stay; (ii) whether a party will suffer substantial injury if a stay is issued; (iii) whether the movant has demonstrated a "substantial possibility, though less than a likelihood of success on appeal"; and (iv) whether the public interests may be affected). We also deny Cherry's motion for a default judgment. The consequence of an appellee failing to file a timely brief is that the appellee will not be heard at oral argument, except by permission of the court. Fed. R.App. P. 31(c).
 
 
 9
 We therefore affirm the judgment of the district court. We deny Cherry's motions for a stay and a default judgment.
 
 
 
 *
 The Honorable Leonard D. Wexler of the United States District Court for the Eastern District of New York, sitting by designation