**Egerton Barrington STEWART, Petitioner,**

v.

**Peter D. KEISLER,\* Attorney General of the United States of America, Washington, D.C., United States Department of Justice, Respondent.**

No. 06–4422–ag.

United States Court of Appeals, Second Circuit.

Oct. 17, 2007.

Robert J. Pures, II, Law Offices of Spar & Bernstein, Bronx, N.Y., for Petitioner.

Kohsei Ugumori, for Peter D. Keisler, Assistant Attorney General, Civil Division, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. GUIDO CALABRESI, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Egerton Barrington Stewart, a native and citizen of Jamaica, petitions for review of the August 24, 2006 decision of the BIA affirming the April 14, 2005 decision of Immigration Judge ("IJ") Elizabeth A. Lamb denying petitioner's application for cancellation of removal. *In re Egerton Barrington Stewart*, No. A41 648 468, 2006 WL 3252568 (B.I.A. Aug. 24, 2006), *aff'g* No. A41 648 468 (Immig. Ct. N.Y. City Apr. 14, 2005). We assume the parties' familiarity with the facts of this case, its procedural posture, and the decisions below.

Eligibility for cancellation of removal requires, *inter alia*, that a permanent resident, such as Petitioner, not have been convicted of an aggravated felony. 8 U.S.C. § 1229b(a)(3). This Court has adopted the hypothetical federal felony approach, which treats a state conviction as a conviction for an aggravated felony for

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as Respondent in this case.

cancellation of removal purposes if it is analogous to an aggravated felony under federal law, regardless of how the state itself classifies the crime. *Aguirre v. INS,* 79 F.3d 315, 317–18 (2d Cir.1996). Petitioner does not argue that he has not committed an aggravated felony under the hypothetical federal felony approach; rather, he asks us to overrule *Aguirre.* This we cannot do. *See United States v. Snow,* 462 F.3d 55, 65 n. 11 (2d Cir.2006) ("[A] prior decision of a panel of this court binds all subsequent panels 'absent a change in law by higher authority or by way of an in banc proceeding' ...." (quoting *United States v. King,* 276 F.3d 109, 112 (2d Cir. 2002))).

Petitioner also asserts that the BIA violated due process by not ruling on his application for relief under § 212(c) of the Immigration and Nationality Act (now repealed). Relief under that section "is not available with respect to convictions arising from plea agreements made on or after April 1, 1997," 8 C.F.R. § 1212.3(h)(3), and Petitioner was charged with removability based on a 1999 guilty plea. Even assuming *arguendo* that the BIA's failure to consider this claim was error, remand on such a patently meritless claim would be futile. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006).

The petition for review is therefore DENIED.