# In re Walter Antonio SANTOS-LOPEZ, Respondent

File A91 826 777 - Houston

*Decided May 14, 2002*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)  Under the decisions of the United States Court of Appeals for the Fifth Circuit in *United States v. Hernandez-Avalos*, 251 F.3d 505 (5th Cir.), *cert. denied*, 122 S. Ct. 305 (2001), and *United States v. Hinojosa-Lopez*, 130 F.3d 691 (5th Cir. 1997), a determination whether an offense is a "felony" for purposes of 18 U.S.C. § 924(c)(2) (2000) depends on the classification of the offense under the law of the convicting jurisdiction.  *Matter of Yanez*, 23 I&N Dec. 390 (BIA 2002), followed.

(2)  Each of the respondent's two convictions for possession of marihuana is classified as a misdemeanor offense under Texas law; therefore, neither conviction is for a "felony" within the meaning of 18 U.S.C. § 924(c)(2) or an "aggravated felony" within the meaning of section 101(a)(43)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(B) (2000).

FOR RESPONDENT: Isaias D. Torres, Esquire, Houston, Texas

FOR THE IMMIGRATION AND NATURALIZATION SERVICE: John Donovan, Assistant District Counsel

BEFORE:　Board En Banc:　SCIALABBA, Acting Chairman; DUNNE, Vice Chairman; SCHMIDT, HOLMES, HURWITZ, VILLAGELIU, FILPPU, COLE, GUENDELSBERGER, ROSENBERG, GRANT, MOSCATO, MILLER, BRENNAN, ESPENOZA, OSUNA, OHLSON, HESS, and PAULEY, Board Members.

GUENDELSBERGER, Board Member:

The respondent appeals from an Immigration Judge's decision finding him removable as charged and ineligible for any relief from removal.  The appeal will be sustained and the record will be remanded for further proceedings.

The respondent is a native and citizen of El Salvador whose status was adjusted to that of a lawful permanent resident on October 27, 1989.  The record reflects that he has two Texas state court convictions for possession of marihuana in the quantity of 0-2 ounces, both in violation of section 481.121 of the Texas Penal Code.  His offenses are "class B misdemeanors," punishable under Texas law by "confinement in jail for a term not to exceed 180 days" and/or a fine not to exceed $2,000.  *See* Tex. Penal Code Ann.

§ 12.22 (Vernon 1997).   For the first conviction, on February 28, 1997, the respondent was sentenced to 35 days in county jail; for the second conviction, on May 21, 1998, he was sentenced to 36 days in county jail.

The issue in this case is whether the respondent's state drug convictions fall within the definition of a "drug trafficking crime" contained in 18 U.S.C. § 924(c)(2) (2000), such that either may be considered an aggravated felony under section 101(a)(43)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(B) (2000).

Section 101(a)(43) of the Act defines the categories of offenses considered "aggravated felonies" under the immigration laws and provides that the term aggravated felony "applies to an offense described in this paragraph whether in violation of Federal or State law."  A "drug trafficking crime (as defined in section 924(c) of title 18, United States Code)," which is included in section 101(a)(43)(B) of the Act, is defined as follows:

> [T]he term "drug trafficking crime" means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or the Maritime Drug Law Enforcement Act (46 U.S.C. App. 1901 et seq.).

18 U.S.C. § 924(c)(2).

In *Matter of Yanez*, 23 I&N Dec. 390 (BIA 2002), we held that, because the meaning of the phrase "drug trafficking crime" in 18 U.S.C. § 924(c)(2) is a matter of federal criminal law, we will defer to the interpretation given that statute by the federal circuit courts of appeals that have spoken on the issue.  We therefore turn to the law of the United States Court of Appeals for the Fifth Circuit, within whose jurisdiction this matter arises.

The Fifth Circuit has held that an offense is a "drug trafficking crime" under § 924(c)(2) if it is (1) "'punishable under the Controlled Substances Act'" and (2) "'a felony' under either state or federal law." *United States v. Hernandez-Avalos*, 251 F.3d 505, 508 (5th Cir.) (quoting *United States v. Hinojosa-Lopez*, 130 F.3d 691, 694 (5th Cir. 1997)), *cert. denied*, 122 S. Ct. 305 (2001).

The first requirement is consistent with our decision in *Matter of Barrett*, 20 I&N Dec. 171 (BIA 1990), that a state drug offense may be considered an aggravated felony so long as the state offense is one that would be punishable under one of the three acts referenced in § 924(c)(2).  Possession of marijuana is an offense that is punishable under the Controlled Substances Act.  *See* 21 U.S.C. § 844(a) (2000).

As to the second requirement identified above, i.e., whether the offense is a felony, the Fifth Circuit has stated that "a state drug offense is properly deemed a 'felony' within the meaning of 18 U.S.C. § 924(c)(2) . . . if the offense is classified as a felony *under the law of the relevant state*." *United States v. Hinojosa-Lopez*, *supra*, at 694 (emphasis added) (citing *United*

*States v. Restrepo-Aguilar*, 74 F.3d 361, 365 (1st Cir. 1996)). In reaching the same conclusion, the court in *Hernandez-Avalos* relied on the reasoning set forth in the First Circuit's decision in *United States v. Restrepo-Aguilar*, *supra*, as well as the Eighth Circuit's decision in *United States v. Briones-Mata*, 116 F.3d 308 (8th Cir. 1997). *See United States v. Hernandez-Avalos*, *supra*, at 508.

In *United States v. Restrepo-Aguilar*, *supra*, at 364-65, the First Circuit found that the term "felony" in § 924(c)(2) should be interpreted by reference to the definition of a "felony" in 21 U.S.C. § 802(13) (1994) (Controlled Substances Act). *See also United States v. Ibarra-Galindo*, 206 F.3d 1337, 1340 (9th Cir. 2000), *cert denied*, 531 U.S. 1102 (2001); *United States v. Pornes-Garcia*, 171 F.3d 142, 145 (2d Cir. 1999); *United States v. Simon*, 168 F.3d 1271, 1272 (11th Cir. 1999); *United States v. Briones-Mata*, *supra*, at 309; *United States v. Cabrera-Sosa*, 81 F.3d 998, 1000 (10th Cir. 1996). According to § 802(13), "[t]he term 'felony' means any Federal or State offense classified by *applicable* Federal or State law as a felony." 21 U.S.C. § 802(13) (emphasis added).

In *Restrepo-Aguilar*, the court noted that under the Controlled Substances Act's "unambiguous definition, a state offense . . . which is classified as a felony *under the law of the convicting state* would clearly qualify as a felony for that definition's purposes, even if the offense could be punished only as a misdemeanor under federal law." *United States v. Restrepo-Aguilar*, *supra*, at 364-65 (emphasis added).[1] The Eighth Circuit also concluded, in accord with the First Circuit, that the relevant measure of a state drug offense is whether "'the offense is classified as a felony *under the law of the relevant state*.'" *United States v. Briones-Mata*, *supra*, at 309 (emphasis added) (quoting *United States v. Restrepo-Aguilar*, *supra*, at 365).

Given the Fifth Circuit's reliance on the reasoning in *Restrepo-Aguilar* and *Briones-Mata*, we find it appropriate in this case to refer to the definition of a felony in 21 U.S.C. § 802(13) in determining whether the respondent's convictions are for felonies under § 924(c). We find that the reference to "applicable" law in § 802(13) means the law of the prosecuting jurisdiction. Therefore, whether the respondent's criminal convictions are for felonies depends on the classification of those offenses under the law of the convicting jurisdiction. *United States v. Hinojosa-Lopez*, *supra*, at 694. In this case, the prosecuting authority, the State of Texas, in both instances charged the respondent with misdemeanor offenses.

Because the State of Texas classified the respondent's offenses as misdemeanors, neither of his crimes is a "felony" offense under § 924(c)(2)

---

[1] The First Circuit explicitly rejected a reading of § 924(c)(2) that would define a drug trafficking crime as "any offense punishable *as a felony under* the CSA," stating that "that is not how § 924(c)(2) is written . . . . [T]he definition requires only that the offense be a 'felony punishable' thereunder." *United States v. Restrepo-Aguilar*, *supra*, at 364.

so as to be considered a "drug trafficking crime." Consequently, we find that the respondent has not been convicted of an "aggravated felony" within the meaning of section 101(a)(43)(B) of the Act, and he therefore is not removable as charged under section 237(a)(2)(A)(iii) of the Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (2000).

Accordingly, the respondent's appeal will be sustained. However, given that the respondent remains removable as charged under section 237(a)(2)(B)(i) of the Act, as an alien convicted of a controlled substance violation, we will remand the record to the Immigration Court for further consideration of the respondent's eligibility for relief from removal.

**ORDER:** The appeal is sustained.

**FURTHER ORDER:** The record is remanded to the Immigration Court for further proceedings consistent with the foregoing opinion, and for the entry of a new decision.