# In re Nabil Ahmed ELGENDI, Respondent

File A24 998 596 - New York

*Decided October 31, 2002*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

In accordance with authoritative precedent of the United States Court of Appeals for the Second Circuit in *United States v. Pornes-Garcia*, 171 F.3d 142 (2d Cir. 1999), and *United States v. Polanco*, 29 F.3d 35 (2d Cir. 1994), an individual who has been convicted twice of misdemeanor possession of marijuana in violation of New York State law has not been convicted of an aggravated felony under section 101(a)(43)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(B) (2000).

FOR RESPONDENT: Steven Morley, Esquire, Philadelphia, Pennsylvania

BEFORE: Board En Banc: SCIALABBA, Chairman; DUNNE, Vice Chairman; SCHMIDT, HOLMES, HURWITZ, VILLAGELIU, FILPPU, COLE, GUENDELSBERGER, GRANT, MOSCATO, MILLER, BRENNAN, OSUNA, OHLSON, HESS, and PAULEY, Board Members. Concurring Opinion: ESPENOZA, Board Member.

HESS, Board Member:

In a decision dated November 30, 2001, an Immigration Judge found the respondent removable as an alien convicted of an aggravated felony on the basis of his two state convictions for marijuana possession.[1] Therefore, the Immigration Judge denied the respondent's application for cancellation of removal pursuant to section 240A(a)(3) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(a)(3) (2000). The respondent has appealed from that decision, arguing that the Immigration Judge erred as a matter of law in finding that he had been convicted of an aggravated felony. The appeal will be sustained, and the record will be remanded to the Immigration Judge for further proceedings.

---

[1] The Immigration and Naturalization Service also charged that the respondent was removable as an alien convicted of an aggravated felony on the basis of his conviction for attempted robbery in the second degree under New York law. The Immigration Judge concluded that this offense did not constitute an aggravated felony. The Service has not appealed from his conclusion, so we need not address that issue.

## I.  FACTUAL HISTORY

The respondent is a native and citizen of Egypt and a lawful permanent resident of the United States.  He has two convictions in the Criminal Court of New York County, New York, for the offense of criminal possession of marijuana in the fifth degree, a violation of section 221.10 of the New York Penal Law:  (1) on August 10, 2000, for which he was sentenced to time served and a 6-month suspension of his driver's license; and (2) on November 11, 2000, for which he received a conditional discharge, as well as a sentence of 5 days of community service and a further 6-month suspension of his driver's license.  His offenses are classified as class B misdemeanors under New York law, and they are therefore punishable by a maximum term of imprisonment of 3 months.  N.Y. Penal Law § 70.15 (McKinney 2000).

## II.  ISSUE ON APPEAL

The issue in this case is whether the respondent's offenses of simple possession of marijuana, which are classified as misdemeanors under applicable state law, constitute "drug trafficking crimes" within the meaning of 18 U.S.C. § 924(c)(2) (2000), such that they may be considered aggravated felonies under section 101(a)(43)(B) of the Act, 8 U.S.C. § 1101(a)(43)(B) (2000).[2]  Disposition of this issue is guided by our recent precedent decision in *Matter of Yanez*, 23 I&N Dec. 390 (BIA 2002), where we held that the determination whether state drug offenses constitute "drug trafficking crimes" must be made by reference to pertinent authority from the relevant circuit court of appeals.  *See also Matter of Santos-Lopez*, 23 I&N Dec. 419 (BIA 2002) (following *Matter of Yanez* and applying precedent of the United States Court of Appeals for the Fifth Circuit to determine that an alien's misdemeanor marijuana possession offenses under Texas law did not

---

[2]  Section 101(a)(43) of the Act defines the categories of offenses considered aggravated felonies under the immigration laws and provides that the term "aggravated felony" applies to "an offense described in this paragraph, whether in violation of Federal or State law."  A "drug trafficking crime (as defined in section 924(c) of title 18, United States Code)," which is included in the aggravated felony definition at section 101(a)(43)(B), is defined as follows:

> [T]he term "drug trafficking crime" means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or the Maritime Drug Law Enforcement Act (46 U.S.C. App. 1901 et seq.).

18 U.S.C. § 924(c)(2).

constitute "drug trafficking crimes").  Accordingly, we turn to an examination of the pertinent law of the Second Circuit, in whose jurisdiction this case arises.

## III.  RELEVANT CASE LAW

The Second Circuit has adopted a "context-sensitive" or "bifurcated" approach to interpretation of 18 U.S.C. § 924(c)(2).  *United States v. Pornes-Garcia*, 171 F.3d 142, 147 (2d Cir. 1999).  In criminal cases involving aliens charged with illegal reentry to the United States after being deported subsequent to an aggravated felony conviction, the Second Circuit has held that a state drug offense qualifies as a "drug trafficking crime" if the convicting jurisdiction classifies the offense as a felony.  *Id.* (holding that an alien convicted of attempted criminal possession of cocaine in the first degree, a class A-1 felony under applicable New York law, was convicted of a drug trafficking crime under 18 U.S.C. § 924(c)(2)); *United States v. Polanco*, 29 F.3d 35 (2d Cir. 1994) (stating that an alien convicted of criminal sale of a controlled substance, a class C felony under applicable New York law, was convicted of a drug trafficking crime under 18 U.S.C. § 924(c)(2)).  These decisions are consistent with the weight of authority from other circuits that have interpreted 18 U.S.C. § 924(c)(2).  *See United States v. Hernandez-Avalos*, 251 F.3d 505 (5th Cir.), *cert. denied*, 122 S. Ct. 305 (2001); *United States v. Simon*, 168 F.3d 1271 (11th Cir. 1999); *United States v. Briones-Mata*, 116 F.3d 308 (8th Cir. 1997); *United States v. Cabrera-Sosa*, 81 F.3d 998 (10th Cir. 1996); *United States v. Restrepo-Aguilar*, 74 F.3d 361 (1st Cir. 1996); *cf. also United States v. Arellano-Torres*, 303 F.3d 1173 (9th Cir. 2002) (holding that a state conviction for possession of a controlled substance that is punishable under state law by a term of imprisonment of more than 1 year qualifies as a conviction for a drug trafficking crime).

In cases arising in the civil immigration context, by contrast, the Second Circuit has acquiesced in the interpretation of 18 U.S.C. § 924(c)(2) previously advanced by this Board in *Matter of L-G-*, 21 I&N Dec. 89 (BIA 1995), where we held that state drug offenses may be considered "drug trafficking crimes," and therefore aggravated felonies, only if they are "analogous" to offenses punishable as felonies under the three federal drug laws referenced in 18 U.S.C. § 924(c)(2).  *Aguirre v. INS*, 79 F.3d 315 (2d Cir. 1996); *see also Gerbier v. Holmes*, 280 F.3d 297 (3d Cir. 2002).[3]  As

_____

[3]  The respondent's second marijuana possession offense is arguably analogous to an offense punishable as a felony under the federal Controlled Substances Act at 21 U.S.C. § 844(a)(1) (2000) and might therefore qualify as an aggravated felony under the interpretive approach

(continued...)

the Second Circuit emphasized in *Aguirre* and subsequent cases, however, its decision to acquiesce in *Matter of L-G-* was motivated by neither administrative deference nor agreement with the analytical underpinnings of the Board's interpretation of 18 U.S.C. § 924(c)(2), but rather by prudential concerns for "nationwide uniformity" in the application of the federal immigration laws and for safeguarding this country's commitment to providing asylum. *Sutherland v. Reno*, 228 F.3d 171, 174 (2d Cir. 2000); *United States v. Pornes-Garcia*, *supra*, at 146-47; *Aguirre v. INS*, *supra*, at 317.

This Board, motivated by the same desire for uniformity that animated the Second Circuit in *Aguirre*, previously endorsed the "bifurcated" approach to interpretation of 18 U.S.C. § 924(c)(2). *See Matter of K-V-D-*, 22 I&N Dec. 1163 (BIA 1999) (holding that where a circuit court of appeals has interpreted the definition of an "aggravated felony" under section 101(a)(43)(B) in the criminal context only, the Board has the authority to interpret the phrase differently in the immigration context, even in that same circuit). However, in *Matter of Yanez*, *supra*, we acknowledged our obligation to withdraw from that approach in light of emergent case law from other circuits holding, or strongly suggesting, that the meaning of 18 U.S.C. § 924(c)(2) must be identical in civil immigration cases and criminal cases. *See United States v. Hernandez-Avalos*, *supra*, at 509-10 (stating in the Fifth Circuit that "[w]e fail to see the validity of interpreting [section 924(c)(2)] differently based on this distinction between sentencing and immigration cases; it is, after all, the same words of the same phrase from the same statute that is being interpreted in each instance"); *United States v. Ibarra-Galindo*, 206 F.3d 1337, 1340 n.2 (9th Cir. 2000) (stating in the Ninth Circuit that "we have never even suggested that we would interpret 18 U.S.C. § 924(c)(2) differently in applying the Immigration and Nationality Act than we now interpret it in applying the Sentencing Guidelines"), *cert. denied*, 531 U.S. 1102 (2001); *Ruiz-Romero v. Reno*, 205 F.3d 837, 839-40 (5th Cir. 2000).

---

[3] (...continued)

adopted in *Matter of L-G-*, *supra*, and acquiesced in by *Aguirre v. INS*, *supra*. *But cf. Steele v. Blackman*, 236 F.3d 130 (3d Cir. 2001). Under 21 U.S.C. § 844(a)(1), an individual who commits a drug possession offense after a prior drug possession conviction has become final may be sentenced to a term of imprisonment of up to 2 years. Because this offense carries a maximum term of imprisonment of more than 1 year, it qualifies as a "felony" under 18 U.S.C. § 3559(a)(5) and as a "felony drug offense" under 21 U.S.C. § 802(44). In the instant case, the respondent's first marijuana possession conviction occurred on August 10, 2000, and became "final" on September 10, 2000, upon expiration of the statutory 30-day appeal period established under New York law. N.Y. Crim. Proc. Law § 460.10 (McKinney 2000). The respondent's second marijuana possession offense was committed on November 10, 2000, approximately 2 months after his prior marijuana possession conviction became "final."

Thus, although uniformity in the application of the federal immigration laws remains a salutary goal, divisions among the circuits—regarding both the proper interpretation of 18 U.S.C. § 924(c)(2) and the permissibility of the "bifurcated" approach—have made such uniformity unattainable at the administrative level. As *Matter of Yanez*, *supra*, makes clear, short of congressional action or a ruling from the Supreme Court, whatever degree of uniformity that can be achieved in this context must hereafter be provided by the circuits themselves. Hence, in accordance with the principle of deference to circuit authority embraced by *Matter of Yanez*, our present goal is to determine which of the alternative interpretations of 18 U.S.C. § 924(c)(2) is deemed correct by the Second Circuit as a pure matter of statutory construction.

## IV. ANALYSIS

After thoroughly reviewing the relevant case law, we are persuaded that the interpretation of 18 U.S.C. § 924(c)(2) adopted and applied in *Pornes-Garcia* and *Polanco* is the favored construction in the Second Circuit. The fact that the Second Circuit adopted this interpretation in its first reported case on the question—*Polanco*—suggests to us that the interpretation was consistent with the Second Circuit's intuitive reading of the statute, divorced from the uniformity considerations that would later prompt it to acquiesce in *Matter of L-G-* in the civil immigration context. We also find it significant that the Second Circuit has chosen to retain its original interpretation, even after *Aguirre* demonstrated that an alternative interpretation was available. *See United States v. Pornes-Garcia*, *supra*. Further, as previously noted, the Second Circuit's approach in *Polanco* and *Pornes-Garcia* has since been adopted as a matter of statutory construction by virtually every other federal circuit court that has had occasion to interpret 18 U.S.C. § 924(c)(2). Yet the contrary interpretation, previously embraced by this Board and acquiesced in by *Aguirre* in the interest of uniformity, has never been explicitly ratified by the Second Circuit as a correct reading of 18 U.S.C. § 924(c)(2). *See Aguirre v. INS*, *supra*, at 317 (stating only that "[t]he statutory point [regarding the proper interpretation of 18 U.S.C. § 924(c)(2)] is fairly debatable"). Accordingly, we will apply the interpretation of 18 U.S.C. § 924(c)(2) adopted in *Pornes-Garcia* and *Polanco* in the present case and in future cases arising within the Second Circuit.

The Second Circuit has held that an offense is a "drug trafficking crime" under 18 U.S.C. § 924(c)(2) if it is (1) punishable under the Controlled Substances Act and (2) a felony. *United States v. Pornes-Garcia*, *supra*, at 146; *United States v. Polanco*, *supra*, at 38. The first requirement is consistent with our decision in *Matter of Barrett*, 20 I&N Dec. 171 (BIA

1990), where we held that a state drug offense may be considered an aggravated felony only if it is analogous to an offense, such as possession of a controlled substance, that would be punishable under one of the three federal drug laws referenced in 18 U.S.C. § 924(c)(2). Marijuana is a controlled substance under 21 U.S.C. § 812(c), sch. I(c)(10) (2000), and possession of a controlled substance violates 21 U.S.C. § 844(a). Hence, the respondent's offenses plainly satisfy the test in *Matter of Barrett*.

The issue in this case turns on the second requirement identified above, i.e., whether the state offense is a "felony." Like most of its sister circuits, the Second Circuit holds that the term "felony" in 18 U.S.C. § 924(c)(2) should be interpreted by reference to the definition of a "felony" set forth in the Controlled Substances Act at 21 U.S.C. § 802(13) (2000). *United States v. Pornes-Garcia*, *supra*, at 145. Section 802(13) provides that "[t]he term 'felony' means any Federal or State offense classified by applicable Federal or State law as a felony." We understand the Second Circuit to look to the law of the convicting jurisdiction as the "applicable" law. *Cf. Matter of Santos-Lopez*, *supra*.

Because the respondent's offenses were prosecuted as misdemeanors in the convicting jurisdiction and were punishable under applicable state law by a term of imprisonment of no more than 3 months, neither of those offenses is a "felony" under the "applicable" law within the meaning of 21 U.S.C. § 802(13). Therefore, neither constitutes a "drug trafficking crime" under 18 U.S.C. § 924(c)(2). Consequently, the respondent has not been convicted of an "aggravated felony" within the meaning of section 101(a)(43)(B) of the Act and is not statutorily ineligible for cancellation of removal under section 240A(a)(3) of the Act. Accordingly, the respondent's appeal will be sustained, and the record will be remanded to the Immigration Judge to determine whether the respondent is otherwise eligible for cancellation of removal and whether he merits such relief in the exercise of discretion.

**ORDER:** The appeal is sustained.

**FURTHER ORDER:** The record is remanded to the Immigration Court for further proceedings consistent with the foregoing opinion, and for the entry of a new decision.

*CONCURRING OPINION:* Cecelia M. Espenoza, Board Member

I respectfully concur.

I write separately to indicate that I agree with the result, insofar as both the offenses in this case are state misdemeanors, which do not constitute "drug trafficking crimes" within the meaning of 18 U.S.C. § 924(c)(2) (2000). *Cf. Matter of Yanez*, 23 I&N Dec. 390 (BIA 2002) (finding two state felony possession offenses to be aggravated felonies). However, this case is

governed by our finding in *Matter of Santos-Lopez*, 23 I&N Dec. 419 (BIA 2002), and, accordingly, a state misdemeanor possession offense is not an aggravated felony as defined under 18 U.S.C. § 924(c)(2).

   Therefore, as a state misdemeanor is not a felony, I concur.