Richard COPELAND [1], A42–260–351 Petitioner,

v.

John ASHCROFT, Attorney General of the United States, James W. Zigler, Commissioner, Immigration and Naturalization Service, M. Frances Holmes, Buffalo District Director, Immigration and Naturalization Service, and United States Department of Justice, Respondents.

No. 02–CV–61151 (CJS)(B).

United States District Court, W.D. New York.

Feb. 10, 2003.

Richard M. Greenberg, Esq., Office of the Appellate Defender, New York, for Petitioner.

Michael A. Battle, Esq., United States Attorney, Western District of New York, Monica J. Eagan, Esq., Assistant United States Attorney, Buffalo, for Respondent.

## DECISION AND ORDER

SIRAGUSA, District Judge.

### INTRODUCTION

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in connection with a final removal order issued by the U.S. Immigration and Naturalization Service ("INS"). For the reasons that follow, that application is denied.

---

**1.** There appears to be some confusion in the record as to Petitioner's correct name. For example, although Petitioner's filings submitted in connection with this proceeding refer to Petitioner as Richard Copeland, the INS, Petitioner's counsel, and Petitioner himself, have at other times referred to him as Copeland Oliver Richards. *See, e.g.,* Administrative Record, pp. 2–3, 6–7, 12. The caption of the criminal action against Petitioner involving his felony conviction refers to him as "Richard Copeland a/k/a Copeland Richard."*Id.,* p. 9. At the hearing before the IJ, Petitioner testified that his name is Copeland Oliver Richard. *Id.,* p. 47.

## 28 U.S.C. § 2241

A petition for habeas corpus pursuant to 28 U.S.C. § 2241 "may be used to challenge incarceration or orders of deportation as being 'in violation of the Constitution or laws or treaties of the United States.'" *Sol v. I.N.S.*, 274 F.3d 648, 651 (2d Cir.2001) (quoting 28 U.S.C. § 2241(c)(3)), *cert. denied*, 536 U.S. 941, 122 S.Ct. 2624, 153 L.Ed.2d 807 (2002). In this regard, a district court has "jurisdiction to review purely legal statutory and constitutional claims."*Id.* (citations omitted). The Court has jurisdiction over the instant petition, since it raises only purely legal claims.

## IMMIGRATION AND NATIONALITY ACT ("INA") SECTION 237

Two subsections of INA § 237, 8 U.S.C. § 1227, apply to the instant proceeding. Section 1227(a)(2)(A)(iii) provides, in relevant part, that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." (emphasis added). Section 1227(a)(2)(B)(i) provides, in relevant part, that

> [a]ny alien who at any time after admission has been convicted of a violation of ... any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21), other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable.

(emphasis added). 21 U.S.C. § 802 defines the term "controlled substance" to include marihuana. 21 U.S.C. § 802(6); 21 U.S.C. § 812, Schedule I(c)(10).

## INA SECTION 240A

INA § 240A, 8 U.S.C. § 1229b, provides discretionary relief from deportation, known as cancellation of removal, in certain circumstances. Specifically, § 240A(a) provides:

> The Attorney General may cancel removal in the case of an alien who is inadmissible or deportable from the United States if the alien(1) has been an alien lawfully admitted for permanent residence for not less than 5 years, (2) has resided in the United States continuously for 7 years after having been admitted in any status, and (3) **has not been convicted of any aggravated felony**.

8 U.S.C. § 1229b(a)(emphasis added). The term "aggravated felony" is defined at 8 U.S.C. § 1101(a)(43)(B) to include "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." 18 U.S.C. § 924(c)(2) defines a "drug trafficking crime" as "any felony punishable under the Controlled Substances Act (21 U.S.C. § 801 *et seq.*), the Controlled Substances Import Act (21 U.S.C. § 951 *et seq.*), or the Maritime Drug Law Enforcement Act (46 U.S.C.App.1901 *et seq.*)." The Controlled Substances Act ("CSA") defines a felony as "any Federal or State offense classified by applicable Federal or State law as a felony."21 U.S.C. § 802(13).

## BACKGROUND

The record reveals the following undisputed facts. Petitioner, a native and citizen of Jamaica, entered the United States on April 27, 1990, and was granted lawful permanent resident alien status. Petitioner acknowledges that on three occasions, July 25, 1999 [2], October 26, 1999, and De-

**2.** On July 25, 1999, Petitioner was convicted of two separate counts of violating Penal Law § 221.40.

cember 1, 1999, he has been convicted, upon his plea of guilty, of Criminal Sale of Marijuana in the Fourth Degree, a Class A Misdemeanor in violation of New York Penal Law § 221.40. Petitioner also was convicted, on October 19, 2000, of Criminal Sale of a Controlled Substance in the Third Degree.

On June 13, 2001, the INS issued a Notice to Appear, alleging that Petitioner was deportable under INA § 237(a)(2)(B)(i) for having been convicted of a controlled substance offense, and under INA § 237(a)(2)(A)(iii) for having been convicted of an aggravated felony. The INS initially charged that Petitioner was deportable based upon the October 19, 2000, felony conviction, which was being appealed at that time, and upon the July 25, 1999 misdemeanor conviction. The INS subsequently served Petitioner with additional charges of deportability, thereby amending the Notice to Appear, omitting the charge based upon the October 19, 2000 felony conviction, and relying instead on the misdemeanor convictions from July 25, 1999 and October 26, 1999.[3]

During the hearing before the Immigration Judge ("IJ"), the IJ accepted into evidence supporting documents filed in connection with the two aforementioned convictions in violation of New York Penal Law § 221.40, which indicated that in both cases, Petitioner had in fact sold marihuana in exchange for money. For example, in connection with his July 25, 1999 conviction in New York City Criminal Court, criminal proceeding number 99x043887, the written statement of police officer William Fullam indicates that on July 25, 1999, Petitioner sold to an undercover officer, identified by shield number only, five bags of marijuana in exchange for twenty

dollars U.S. currency, and that the undercover officer observed that Petitioner also had several more bags of marijuana in his possession. Administrative Record, pp. 96–98, 118. In connection with his October 26, 1999 conviction in New York City Criminal Court, criminal proceeding number 99x060565, the written statement of police officer Michael Capria indicates that on October 13, 1999, he observed Petitioner hand another man small objects, later determined to be bags of marijuana, in exchange for cash, and that Petitioner had additional bags of marijuana in his sock. Administrative Record, pp. 85–87, 118. During the Immigration Hearing, Petitioner indicated that these records pertained to him and were "accurate and correct."(Admin. Record pp. 71–72; pp. 48–50, 54–57).

On August 16, 2001, the IJ found Petitioner removable based upon the July 25, 1999 and October 26, 1999 misdemeanor convictions for Criminal Sale of Marijuana in the Fourth Degree. The IJ also found Petitioner ineligible to seek a waiver of deportation, based upon the fact that he had "been convicted of at least two aggravated felonies,"[4] and ordered Petitioner removed to Jamaica. Petitioner appealed to the Board of Immigration Appeals ("BIA"), on the sole ground that he is not an "aggravated felon," and should therefore be eligible for cancellation of removal. On November 15, 2001, the Board of Immigration Appeals affirmed, without opinion, the IJ's determination.

Petitioner, proceeding *pro se*, commenced the instant action on March 4, 2002. By Decision and Order filed on June 4, 2002, the Court appointed counsel to represent Petitioner. In this action, Petitioner contends that his convictions for

---

**3.** Since Petitioner allegedly was appealing that conviction, Respondent does not rely upon that conviction in this proceeding.

**4.** Administrative Record, p. 44

Criminal Sale of Marijuana in the Fourth Degree, in violation of New York Penal Law § 221.40, are not "aggravated felonies" which would preclude him from seeking a waiver of removal pursuant to INA § 240A. In his Amended Petition, Petitioner states, in relevant part:

The offenses considered 'aggravated felonies' in the INA include 'illicit drug trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18).' 8 U.S.C. § 1101(a)(43)(B). **Under this definition, a state misdemeanor can be considered an aggravated felony for immigration purposes if it would be considered a felony under federal law.** *See, Matter of Davis*, 20 I. & N. Dec. 536 (1992).

(Amended Petition, ¶ 22)(emphasis added). However, Petitioner contends that a conviction under New York Penal Law § 221.40 would not be considered a felony under federal law. In this regard, he relies upon a decision of the Third Circuit Court of Appeals, *Steele v. Blackman*, 236 F.3d 130 (3d Cir.2001). Subsequently, Petitioner supplemented his papers to include the argument that his convictions should not be treated as aggravated felonies, pursuant to the decision of the BIA in *In re Elgendi*, 23 I. & N. Dec. 515 (BIA 2002).

After spending a considerable amount of time researching the issues presented in this case, the Court learned, purely by chance, that on January 17, 2003, the BIA issued a decision remanding this matter to the Immigration Judge, on the basis of the BIA's decision in *In re Elgendi*, 23 I. & N. Dec. 515 (BIA 2002). However, despite the fact that they have now had the BIA's remand order for approximately three weeks, neither party has sought to have it made a part of the record in this case, nor have they made any application to this Court based upon the BIA's decision. Moreover, the Court believes, based on its analysis below, that the BIA's decision in *Elgendi* is clearly not in accordance with the law of this Circuit, as most recently expressed in *U.S. v. Simpson*, 319 F.3d 81 (2d Cir.2002). Accordingly, the Court will rule on Petitioner's pending application for a writ of habeas corpus.

## ANALYSIS

The issue presented is whether or not Petitioner's convictions for Criminal Sale of a Controlled Substance in the Fourth Degree, in violation of New York Penal Law section 221.40, are "aggravated felonies" within the meaning of 8 U.S.C. § 1101(a)(43)(B), making him ineligible to seek a waiver pursuant to INA § 240A(a)(3). In this regard, the Court finds that it is clear that Petitioner is not challenging the determination that he is removable pursuant to 8 U.S.C. § 1227(a)(2)(b)(i). Even if he were, it is clear that Petitioner is removable, since he was convicted of a controlled substance offense other than one involving a single offense involving possession for one's own use of 30 grams or less of marijuana. *See, Scipio v. Ashcroft*, No. 01 CV 7821(NG), 2002 WL 2003184 at *3 (E.D.N.Y. Aug.28, 2002)(Noting that Criminal Sale of Marijuana in the Fourth Degree is "clearly a drug offense for which petitioner is removable under 8 U.S.C. 1227(a)(2)(B)(i).") Thus, the only issue is whether or not Petitioner should be permitted to seek discretionary waiver of deportation.

■ The simplest and most logical approach to the question presented is the one urged by Respondents. That approach relies on the first half of the definition of an aggravated felony, as it pertains to drug offenses, which states that the term "aggravated felony" means "illicit trafficking in a controlled substance (as defined in

section 802 of Title 21)." 8 U.S.C. § 1101(43)(B). In *Kuhali v. Reno*, 266 F.3d 93, 107–108 (2d Cir.2001), the Second Circuit adopted the BIA's definition of the term "trafficking," i.e., acting as a businessman or merchant in connection with the trading, selling or dealing in goods. In the instant case, Petitioner was thrice convicted of illegally selling marihuana for money, thus the Court finds that Petitioner was convicted of illicitly trafficking in a controlled substance. The Court further believes that those convictions meet the statutory definition of an aggravated felony, even though the convictions were misdemeanors under New York State Law. *See, U.S. v. Pacheco*, 225 F.3d 148, 149, (2d Cir.2000)(Holding that in adopting 8 U.S.C. § 1101(43), Congress intended to classify certain state misdemeanors as "aggravated felonies": "[W]e find Congress'

intent to classify certain misdemeanors as felonies clear."); *but see, Matter of Davis*, 20 I. & N. Dec. 536, 540–41 (BIA 1992)("Thus, we conclude that a drug-related aggravated felony includes any state, federal, or qualified foreign *felony* conviction involving the unlawful trading or dealing of any controlled substance.")(emphasis added), *modified in part by Matter of Yanez–Garcia*, 23 I. & N. Dec. 390 (BIA 2002).[5]

In the event a reviewing court should disagree with this analysis, however, the Court will also consider whether or not Petitioner's convictions are "aggravated felonies" under the second half of the definition, i.e., whether they are "drug trafficking crime[s] (as defined in section 924(c) of Title 18." 8 U.S.C. § 1101(43)(B)).[6] In this regard, it is nec-

---

**5.** Despite the absence of the term "felony" in the definition in 8 U.S.C. § 1101(a)(43)(B), *Matter of Davis* injected such a requirement, by holding that, in order to qualify as "any illicit trafficking in any controlled substance,"the offense must be classified as a felony. As noted, however, this is arguably inconsistent with the Second Circuit's ruling in *U.S. v. Pacheco*, which recognized that Congress intended to include non-felonies within the broad statutory definition of an "aggravated felony." *See, Pacheco*, 225 F.3d at 155 ("Congress would have done better at the time of the 1996 amendments to dispense with the term 'aggravated felony' and refer to this wide class of convictions as 'aggravated offenses.' Congress' failure to do so, however, does not give us an excuse to ignore the clear meaning of the amendments to the INA.") (citation omitted); *see also*, Dawn Marie Johnson, *The AEDPA and the IIRIRA: Treating Misdemeanors as Felonies for Immigration Purposes*, 27 J. Legis. 477, (2000)("[F]or all practical purposes, the AEDPA and the IIRIRA force judges to recharacterize misdemeanors and non-aggravated felonies as aggravated felonies solely for immigration purposes."); *see also*, Steve Brazelton, *Immigration Pitfalls of the Plea Bargain: Criminal Attorneys Beware*, 7–Nov. Nev. Law. 13 (1999)(Noting that "illicit trafficking in a controlled substance" includes

"any conviction that falls within the common understanding of trafficking, even if the crime is not a felony.").

**6.** This alternative analysis would seem to be unnecessary, since as indicated, Petitioner's convictions fit within the first half of the definition. Moreover, according to the BIA, one need not consider the second half of the definition if the conviction falls clearly within the first half of the definition. *See, In re Yanez*, 23 I & N Dec. 390, 393, n. 4 (BIA 2002)("The convictions at issue in this case [involving simple possession, not sale] do not fall clearly within the phrase 'illicit trafficking,' and *we therefore* look to see whether the convictions fall within the meaning of the phrase 'drug trafficking crime.' ")(emphasis added)(*citing Matter of Davis*, 20 I & N dec. 536, 540–41 BIA 1992). However, it is unclear to this Court whether or not the Second Circuit agrees with that view. Specifically, in *U.S. v. Simpson*, 319 F.3d 81 (2d Cir.2002), the court had to determine whether or not a defendant's convictions for, inter alia, Criminal Sale of Marihuana in the Fourth Degree, Penal Law § 221.40, were aggravated felonies within the meaning of 8 U.S.C. § 1101(a)(43)(B). Rather than simply finding that the convictions for selling marihuana amounted to "illicit trafficking in a controlled

essary to note that the Second Circuit has interpreted the term "drug trafficking crime" in different ways, depending upon whether the term arises in the immigration setting or the federal criminal sentencing setting. In the immigration setting, the Second Circuit held that a state-law conviction, even for a felony, would not preclude an otherwise qualified alien from seeking waiver of deportation unless the offense would also qualify as a felony drug-trafficking crime under federal law. *Aguirre v. I.N.S.*, 79 F.3d 315, 317–18 (2d Cir.1996).[7] Thus, under *Aguirre*, the inquiry is whether or not the offense would be classified as a felony under federal law, regardless of whether or not it is a felony under state law. On the other hand, in the criminal setting, the Second Circuit rule is as follows:

> a drug trafficking offense is an "aggravated felony" [as defined by 8 U.S.C. § 1101(a)(43)(B) ] when it is: (1) an offense *punishable* under the [Controlled Substances Act] CSA, and (2) can be classified as a felony under either state *or* federal law. *See United States v. Pornes–Garcia,* 171 F.3d 142, 145 (2d Cir.1999); *United States v. Polanco,* 29 F.3d 35, 38 (2d Cir.1994).

*U.S. v. Simpson,* 319 F.3d 81 (2d Cir.2002)(emphasis in original). In the instant case, the Court finds that Petitioner's convictions are aggravated felonies under either analysis.[8]

■ In this regard, the Court relies on the Second Circuit's holding in *Simpson.* There, the Second Circuit held as follows:

> Simpson's convictions were all for misdemeanors under New York law. N.Y. Penal Law §§ 221.10, 221.15, 221.40 (McKinney 2000). However, the crimes for which Simpson was charged under New York law were also punishable under federal law. For example, *under the CSA the sale of marijuana is a felony offense* that carries a maximum term of five years' imprisonment (or ten years' imprisonment for a second offense). *See* 21 U.S.C. § 841(b)(1)(D); *see also* 18 U.S.C. § 3559(a) (specifying that any offense punishable by more than one year of imprisonment is a felony).
>
> Thus, the District Court properly held that each of Simpson's three prior convictions for *Criminal Sale of Marijuana in the Fourth Degree* under New York law were "aggravated felonies" for purposes of sentencing under the Guidelines because, under the CSA, all three are punishable as felonies.

*U.S. v. Simpson,* 319 F.3d 81 (emphasis added). In the instant case, Petitioner also has multiple New York convictions for Criminal Sale of Marihuana in the Fourth

substance," the Court instead analyzed whether or not the convictions amounted to "drug trafficking crimes" as defined in 18 U.S.C. § 924(c). *Id.* at *3. Accordingly, the Court will also consider whether or not Petitioner's convictions amount to "aggravated felonies" under the second half of the 8 U.S.C. § 1101(a)(43)(B) definition.

7. The court in *Aguirre* reached this conclusion out of deference to the BIA's ruling in *In re L–G,* Int. Dec. 3234 (BIA 1994). *See, Aguirre,* 79 F.3d at 317–18. Although the BIA has since overruled *In re L–G,* (*See, In re Yanez–Garcia,* 23 I. & N. Dec. 390 (BIA 2002)), the Second

Circuit has not at this time indicated an intention to abandon *Aguirre,* although the BIA anticipates that it will do so. *See, In re Elgendi,* 23 I. & N. Dec. 515, 519 (BIA 2002).

8. The Court would not ordinarily apply the test from *Simpson* in a case such as this, since, as noted, the Second Circuit uses different tests in the immigration setting versus the criminal setting. However, as indicated above, the BIA anticipates that in light of the BIA's holding in *Yanez–Garcia, supra,* the Second Circuit will no longer follow its holding in *Aguirre.* Because of this possibility, the Court will refer to both tests.

Degree, therefore, using the same analysis used in *Simpson,* those convictions are aggravated felonies within the meaning of 8 U.S.C. § 1101(a)(43)(B).

Petitioner raises two contrary arguments. First, he contends that, pursuant to the BIA's decision in *Elgendi,* his convictions are not aggravated felonies, because they were classified as misdemeanors under New York law. However, while that is in fact what *Elgendi* says, this Court respectfully finds that the BIA did not properly apply Second Circuit law in deciding *Elgendi.* In *Simpson,* as discussed above, the Second Circuit did not apply the test envisioned by the BIA in *Elgendi. See, In re Elgendi,* 23 I. & N. Dec. at 520. Specifically, in *Elgendi,* the BIA found that, in the criminal context, the Second Circuit would not find an offense to be an "aggravated felony" unless it was actually designated as a felony by the *"convicting jurisdiction."* (Emphasis added). Thus, in *Elgendi,* because the defendant had been convicted of misdemeanors in New York, the BIA found that they were not aggravated felonies, without considering whether or not the crimes would have been felonies under federal law. Clearly, however, that is not the approach taken in the Second Circuit. For example, as noted above, in *Simpson,* the Second Circuit found that New York misdemeanor convictions were nonetheless "aggravated felonies," since they could be classified as felonies under federal law.

*See, Simpson,* 319 F.3d 81. It is clear that in the Second Circuit, the offense need only be punishable under the CSA, and be able to be classified as a felony under federal law, for immigration matters, or as a felony under either federal or state law for sentencing matters. Thus, it appears clear that the BIA erred when it wrote, "We understand the Second Circuit to look to the law of the convicting jurisdiction as the 'applicable' law." *Elgendi,* 23 I. & N. Dec. at 520.

For his second argument, Petitioner contends that, pursuant to the Third Circuit's decision in *Steele v. Blackman,* 236 F.3d 130 (3rd Cir.2001), his convictions are not felonies, even under federal law. In *Steele,* the Third Circuit noted that the term "sale," as used in the New York Penal Law, includes transfers without consideration. *Steele,* 236 F.3d at 137; *see also,* New York Penal Law § 220.40. The Third Circuit then noted that "distributing a small amount of marijuana for no remuneration is treated as simple possession under 21 U.S.C. § 844," a misdemeanor for a first conviction.[9] *Steele,* 236 F.3d at 137; *see also,* 21 U.S.C. § 841(b)(4). Moreover, even though the defendant in *Steele* had multiple convictions, which under 21 U.S.C. § 844 presumably would have meant that the later convictions would have been felonies, the court found that his prior convictions had not been proved in the later prosecutions: "If a United States Attorney wants a felony

9. 21 U.S.C. § 844(a) provides, in relevant part: "Any person who violates this subsection may be sentenced to a term of imprisonment of not more than 1 year, and shall be fined a minimum of $1,000, or both, except that if he commits such offense after a prior conviction under this subchapter or subchapter II of this chapter, or a prior conviction for any drug, narcotic, or chemical offense chargeable under the law of any State, has become final, he shall be sentenced to a term of imprisonment for not less than 15 days but

not more than 2 years, and shall be fined a minimum of $2,500, except, further, that if he commits such offense after two or more prior convictions under this subchapter or subchapter II of this chapter, or two or more prior convictions for any drug, narcotic, or chemical offense chargeable under the law of any State, or a combination of two or more such offenses have become final, he shall be sentenced to a term of imprisonment for not less than 90 days but not more than 3 years, and shall be fined a minimum of $5,000."

conviction, he or she must file an information under 21 U.S.C. § 851 alleging, and subsequently prove, that the defendant has been previously convicted of a drug offense at the time of the offense being prosecuted." *Id.* The *Steele* court further speculated that the "initial conviction may have been constitutionally impaired." *Id.* at 138. The court concluded that, "[s]ince distribution of marihuana without remuneration is not inherently a felony, it seems to us that the only alternative to so regarding it consistent with the rule of lenity would be to treat any § 844 offense in this context as a misdemeanor." *Id.* at 137.

This Court disagrees with Petitioner's argument for various reasons. First, *Steele* is not binding on this court, and more importantly, the Second Circuit, in *Simpson,* seems to have implicitly rejected the holding in *Steele.* As discussed above, the defendant in *Simpson* had been convicted of Criminal Sale of Marihuana in the Fourth Degree under New York Penal Law § 221.40, just as had the defendant in *Steele.* However, the Second Circuit had no difficulty in finding that Simpson's convictions were aggravated felonies within the meaning of 8 U.S.C. § 1101(a)(43)(B). *See, Simpson,* 319 F.3d 81 ("[U]nder the CSA, all three [convictions] are punishable as felonies.") [10] Moreover, while the Court in *Steele* had no information regarding the underlying facts of the defendant's convictions [11], leaving it free to speculate that he may have merely transferred marihuana without consideration, in the instant case there is evidence that Petitioner actually sold marihuana for money. At the Immigration Hearing, Petitioner admitted that the documents relating to his convictions under Penal Law § 221.40, which included written statements from police officers, were "accurate and correct." (Admin. Record pp. 71–72; pp. 48–50, 54–57). These documents indicate that Petitioner sold marihuana for money, and he has never claimed otherwise. Therefore, the Court finds that *Steele* is inapplicable to the instant case.

## CONCLUSION

For all of the foregoing reasons, the Court finds that the Respondents correctly found that the Petitioner is deportable, and that Petitioner is ineligible for discretionary waiver, because he has been convicted of aggravated felonies. The application pursuant to 28 U.S.C. § 2241 is denied, and this action is dismissed.

So Ordered.

---

**10.** The Court further notes that in *Simpson,* the Second Circuit did not require the formality required by the Third Circuit in *Steele* in proving that a possession offense under 21 U.S.C. § 844 would have been a felony. *See, Steele,* 236 F.3d at 137 ("If a United States Attorney wants a felony conviction [under 21 U.S.C. § 844], he or she must file an information under 21 U.S.C. § 851 alleging, or subsequently prove, that the defendant has been previously convicted of a drug offense at the time of the offense being prosecuted."). In *Simpson,* there was no indication that the defendant's prior convictions had been proven *as part of his subsequent conviction* for possession of marihuana. Nonetheless, it was clear from the record that the defendant did have prior drug convictions, and the Second Circuit found that the District Court had properly found that the state possession conviction would have been a felony under the CSA. *Simpson,* 319 F.3d 81.

**11.** The court noted that the defendant's statement provided "no information about those convictions or the proceedings leading up to them beyond that reflected on the 'rap sheet.'" *Steele,* 236 F.3d at 131, n. 1.